## Case No. 5,763.

### GREENE v. BISHOP.

[1 Cliff. 186.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1858.

EQUITY — MASTERS IN CHANCERY — COPYRIGHT—INFRINGEMENT.

1. Exceptions to the report of a master should be so framed as not merely to allege error in general terms, but should indicate the particulars in which the error consists, in order that the court may understandingly decide upon each point in dispute.

2. An exception which merely alleges that the master has arrived at a wrong conclusion upon the evidence, without pointing out any specific portion of the testimony to support the allegation, and makes no suggestion of mistake, fraud, or undue influence, cannot in general be considered as sufficient to put the finding of the master in issue, or to require the court to revise the

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

same, in a matter depending entirely upon the weight of evidence.

[Cited in Bridges v. Sheldon, 7 Fed. 35; Jaffrey v. Brown, 29 Fed. 480; Sheffield & B. C., I. & Ry. Co. v. Gordon, 151 U. S. 285, 14 Sup. Ct. 344.]

3. The party excepting to a master's report should require the evidence which furnishes the ground of the exception, to be stated by the master; if this is not done, the court will not enter at large into the evidence in order to ascertain if the master was correct in his conclusion.

[Cited in Welling v. La Bau, 34 Fed. 42.]

4. The law does not require that the subject of a book should be new, or the materials original, in order to entitle the author to a copyright, for there may be a valid copyright in the plan of a book, as connected with arrangement and combination of the material, though all the materials employed, and the subject of the work, may be common to all other writers.

[Cited in Lawrence v. Dana, Case No. 8,136.]

[Cited in Carter v. Bailey, 64 Me. 461.]

5. Copying is not confined to literal repetition, but includes also the various modes in which the matter of any publication may be adopted, imitated, or transferred, with more or less colorable alteration to disguise the piracy.

6. It is not necessary that the whole or the larger portion of a work protected by copyright should be taken in order to constitute an infringement, but if so much is taken that the value of the original is materially diminished, or the labors of the original author appropriated to an injurious extent, such appropriation would amount to an invasion of the copyright.

[Cited in Lawrence v. Dana. Case No. 8,136; Reed v. Holliday, 19 Fed. 327; Farmer v. Elstner, 33 Fed. 499.]

[7. Cited in Yuengling v. Schile, 12 Fed. 100, to the point that when a party comes into a court of law or equity seeking protection of a copyright, he must show that he is the author of the work, or that his title is derived from one sustaining that relation to the publication.]

This was a bill in equity praying that the respondent [William Bishop] might be restrained from selling, or exposing for sale, copies of a certain book entitled "Covell's Digest of English Grammar," and that he might be ordered to render an account of the copies already sold. The bill alleged the complainant [Samuel S. Greene] to be the author and proprietor of a certain book or treatise on the structure of the English language called "Greene's Analysis"; and of another, entitled "Greene's First Lessons in Grammar,"—both secured by copyright; that the respondent, in violation of the complainant's copyrights, published and sold copies of "Covell's Digest of English Grammar," which contained matter adapted from complainant's books, describing and setting forth his new system for the division and subdivision of sentences into various classes, with new divisions and subdivisions, invented and applied by the complainant; that they defined, adopted, and used, in the same manner with the complainant, the new names invented and employed by him, to express and distinguish the new classes, divisions, and subdivisions of sentences; and, that they also imitated the form and use of the exercises, as composed and arranged by the complainant, for the purpose of teaching and illustrating the com-

position of sentences; and, finally, that the books, as published and sold by the respondent were substantially of the same motive and plan throughout as the books of the complainant, and intended to supersede him in the market with the same class of readers and purchasers, without introducing new matter and with only colorable variations. The answer, admitting the sale of a certain number of the second edition of "Covell's Digest of English Grammar," denied any infringement of the complainant's copyrights, and alleged, moreover, that the complainant was not the author or inventor of the materials, ideas, principles, knowledge, information, and exercises contained in his books; that the plan of the "Digest of English Grammar" was essentially different from that of the complainant's books; and that, by reason of a better arrangement and treatment of the subjects, and by reason of various subject-matters contained therein, whereof he was the author, and of which he had the copyright, the respondent's book was better suited and adapted for general use. When the cause came on for final hearing, it was ordered to be referred to a master, to examine the pleadings and proofs, and to report to the court, whether the plan of the respondent's book, or any parts or matters therein, were similar to the plan of the complainant's books, or any parts or matters therein, and if so, to specify the same; also, to report whether the same, or any part thereof, and which part, were original with the complainant; and also, whether the use in the respondent's book of the parts or features taken from the complainant's books, and original therein, tended to prejudice, and to what extent, the sale of the books of the complainant.

The master reported as follows: 1st. That, of the books stated in the bill to have been sold and exposed for sale by the defendant, the only books so sold or exposed were certain copies of "Covell's Digest of English Grammar," of each of the second, third, and fourth editions, and that the contents of the copies of these several editions are the same. 2d. That the plan of the defendant's book, taken as a whole, is not similar to the plan of either of the plaintiff's books, but that, in that part of the defendant's book which treats of analysis, and which is contained between sections 138 and 181 inclusive, the system on which the materials are arranged, the logical order in which the subject is displayed, and the mode by which it is set forth, and illustrated by copious models and examples, are similar to those of the plaintiff's entire book, entitled "Greene's Analysis." 3d. That the parts and matters of the defendant's book, specified in the schedule hereto annexed, marked A, are similar to the parts and matters contained in the plaintiff's book, also specified in the schedule hereto annexed, marked B. 4th. That the parts and matters named in Schedule B, in the logical connection in which they stand in

the plaintiff's book, and in which they are taken and used by the defendant, form an original part of an original system of grammar, set forth in the plaintiff's said book; the schedules annexed indicate the order in which these parts and matters appear in the respective books. 5th. That the use of said parts and matters, by the defendant, tends to prejudice the sale of the plaintiff's book, called "Greene's Analysis," to the extent of preventing the sale of as many copies of the plaintiff's book, called "Greene's Analysis," that there are sold copies of the defendant's books, called "Covell's Digest." The schedules referred to in the report are not necessary to a proper understanding of the points decided by . the court, and are therefore omitted.

To this report the respondent excepted as follows: First Exception. For that in said report it is reported that in that part of the defendant's book which treats of analysis, the plan on which the materials are arranged, the logical order in which the subject is displayed, and the mode in which it is illustrated and set forth, by copious models and examples, is similar to those of the plaintiff's entire book Analysis. Second. For that it does not appear by said report wherein the plans of the two books correspond, nor in what the alleged similarity in the logical order in which the subject of analysis is displayed, and the mode in which it is set forth and illustrated by examples consist. Third. For that the system of grammar and instruction in the plaintiff's books, so far as the same is similar to that in the defendant's book is not original with the plaintiff, nor an original part of his work. In support of which exception the defendant refers to the proofs taken in the case, which are the same with those produced before the master; and also to the books of the parties, and to those of George Crane, De Lacy, and Kühner, produced before the master and made a part of the case as exhibits therein. Fourth. For that the plan on which the materials are arranged in the plaintiff's entire book Analysis, the logical order in which the subject is displayed, and the mode by which it is set forth and illustrated by copious models and exercises, so far as the same are similar to that part of the defendant's book which treats of the subject of analysis, are not original with the plaintiff's, in support of which exception the defendant refers to the books and proofs above mentioned. Fifth. For that said report does not indicate, specify, or show what parts or matters of the plaintiff's books, if taken out of their connections, are original with the plaintiff, or what parts or matters are collated from treatises mentioned in said report. Sixth. For that the resemblance between the books of Greene and Covell is not other or greater than necessarily or properly belongs to two books on the same subject written for the same purpose, and treating of a department of learning within the course and studies of education, and it does not involve the borrowing by one of these authors from the writings of the other, as will appear by reference to proofs in the case, and by the examination of the several books of the parties. Seventh. For that it appears by the proofs that all the matters in Greene's book similar to Covell's book were contained in previous publications of other authors, and were not original with Greene. Eighth. For that it appears by the proofs that Covell framed his book of his own ample general knowledge of the subjects treated, and from wide studies in previous books, and not from the works of Greene. Ninth. For that in said report it is reported that the use of the parts and matters mentioned tends to prejudice the sale of the plaintiff's books, and to the extent mentioned. Tenth. For that the report does not clearly and definitely show what matters of Covell's book similar to Greene's are original with Greene. Eleventh. For that it appears by the master's report, and the schedule annexed to it, that the said Covell's book does not use the language of the plaintiff's books, but simply expresses and condenses the views of the plaintiff, and is not an infringement of his copyright. Twelfth. For that in said report it is reported that certain passages in the defendant's book. in the connection in which they stand, are similar to certain passages in the plaintiff's books in the connection in which they stand, and original with the plaintiff in their connection. The arguments were upon these exceptions.

Sidney Bartlett and Lemuel Shaw, Jr., for complainant.

B. R. Curtis and Thornton K. Lothrop, for respondent.

CLIFFORD, Circuit Justice. Twelve exceptions are taken by the respondent to the report of the master. Excluding the eleventh, which deserves a separate consideration, all the residue may conveniently be divided into three classes. First, such as merely express dissatisfaction with the report in the form of general objections to the conclusions of the master upon the evidence, or to the results arrived at by him, and are in substance and effect nothing more than an appeal from the determination of the master to the court to revise and reverse his decision, or rather to determine the matters in controversy on a review of the testimony, as if no order had been passed or·report made, and precisely as in case of final hearing upon pleadings and proof without reference. To this class belong the first, third, fourth, ninth, and twelfth exceptions. as numbered in the printed copy of the same.

Second, such as allege directly or indirectly that certain other matters are omitted or insufficiently stated in the report, which it is alleged the order of reference required should

be reported. This second class includes the second, fifth, and tenth exceptions.

Third, such as complain in effect that certain other matters are omitted in the report which it is alleged appear in the proof, without affirming whether or not they are required to be reported by the order of reference, or even suggesting that the master was required to include them in the report. All the remaining questions, except the eleventh, are included in this class. Exceptions to a master's report are written enumerations of the errors alleged by the complaining party, and of the corrections he requests to have made; and they should be so framed as not merely to allege error in general terms, but should be sufficiently definite and explicit to enable the court understandingly to decide on each point in dispute. Such appears to be the just and convenient rule to be deduced from the best considered modern cases upon the subject, and it is one of great importance in this class of legal investigations, and ought in general to be strictly enforced. Were it otherwise, the reference to the master would be of little or no avail, as it would involve the necessity for the court to look into the whole testimony laid before him, and to decide the controversy as upon final hearing, without reference to as on appeal.

General allegations of error, without pointing to any particulars, are clearly insufficient, for the reason that, if allowable, the losing party might always compel the court to hear the cause anew, and should that practice prevail, references such as made in this case would become both useless and burdensome, as they would only operate to promote delay and increase the expenses of litigation, without relieving the court from any of the labor of the trial, or ever accomplishing anything of value to either party. Marshall, C. J., said, in Harding v. Handy, 11 Wheat. [24 U. S.] 126, that the report of the master is received as true when no exception is taken; and the exceptions are to be regarded so far only as they are supported by the special statements of the master, or by the evidence which ought to be brought before the court by reference to the particular testimony on which the excepting party relies; and the same court held, in Story v. Livingston, 13 Pet. [38 U. S.] 366, that exceptions to the report of a master in chancery are in the nature of a special demurrer, and the party objecting must point out the error; otherwise the part not excepted to will be taken as admitted. That doctrine had been previously recognized in Wilkes v. Rogers, 6 Johns. 592, and in Dexter v. Arnold [Case No. 3,858], and is not different from the rule which generally prevails in chancery courts. Da Costa v. Da Costa, 3 P. Wms. 140. Applying these principles to the present case, it is quite obvious that the first exception of the respondent cannot be sustained. He objects to the report in that exception, because it finds that, in the particular part of his book which

treats of analysis, the plan on which the materials are arranged, the logical order in which the subject is displayed, and the mode in which it is illustrated, and set forth by copious models and examples, are similar to those of the entire book of the complainant, entitled "Greene's Analysis," without specifying any particular whatever in which the report is erroneous. It merely alleges that the finding of the master is erroneous and unsatisfactory, without attempting or pretending to specify any particulars in which the error consists, or even suggesting what correction ought to be made, and omits altogether to refer to any portion of the testimony to support the allegation. Assuming the rule of law to be as heretofore stated, that a mere general assignment of error cannot be supported, it clearly follows that the exception under consideration is not well taken, and it is accordingly overruled. More importance is attached to the third exception, which is the next in the series embraced in the first class, and it deserves to be more carefully considered. It directly controverts the correctness of the fourth finding of the master, and alleges that the system of grammar and instruction, so far as the same is similar to that of the respondent's book, is not original with the complainant, nor an original part of his work.

In support of the allegation, the respondent refers to the proofs in the case, and avers that they are the same with those before the master. Beyond question, this exception refers to a branch or element of the controversy expressly referred to the master, and which was clearly within his jurisdiction. He was directed by the order of reference to report whether the plan of the respondent's book, or any parts or matters therein contained, are similar to the plan of the complainant's books, or any parts or matters therein set forth; and if so, to specify the same, and also to report whether the same or any part thereof, and which, are original with the complainant. Following the directions of the order, he accordingly specified the parts and matters which were similar, as described in the schedule annexed to the report, which constituted part of the same, and reported that the parts and matters so specified and described in the logical connection in which they stand in the book of the complainant form an original part of an original system of grammar, as therein set forth. These references to the order under which the master acted, to the report made in pursuance thereto, and to the nature and character of the objection to the finding, will be sufficient to demonstrate the proposition, that the only question that can arise under the exception is, whether the master has duly considered and properly weighed the evidence submitted to his consideration. It is therefore in every sense an appeal from the decision of the master, in a matter of fact properly referred to him, and clearly within

the scope of the power conferred in the order of reference, and in substance and reality requires the court to review the whole evidence, and to revise and reverse the decision of the master upon a question depending entirely upon the weight and effect of the testimony on which the decision was made. It should be observed that the exception under consideration contains neither suggestion of mistake nor gross error, nor imputation of undue influence or fraud; and I hold that an exception like the present, unaccompanied by any such suggestion or imputation, and which merely alleges that the master has arrived at a wrong conclusion upon the evidence, without pointing out any specific portion of the testimony to support the allegation, cannot in general be regarded as sufficient to put the finding of the master in issue, or to require the court to review and revise the same in a matter of fact dependent entirely upon the weight and effect of the evidence submitted to his consideration. Exceptions irregularly taken may properly be overruled, without any examination of them in connection with the report of the master. Story v. Livingston, 13 Pet. [38 U. S.] 386. Nevertheless, if the court were satisfied that any error had been committed by the master in the finding referred to in the exceptions, it would be competent for the court to recommit the report, in order that the error might be corrected; and in a case where the error was satisfactorily and clearly shown, it would become the duty of the court to adopt that course. Such questions, however, bear a strong analogy to motions for a new trial at common law, in which it is not usual to interfere in a matter of fact unmixed with any question of law depending upon the weight and effect of the evidence, unless it is clearly shown that there has been manifest error. My opinion is, that there has been no such error in the present case; after a thorough examination of the books both of the complainant and the respondent, and a careful consideration of the testimony introduced upon the one side and the other, and a comparison of the same with the report of the master, I am satisfied that the finding is correct, and the exception is accordingly overruled. All the remaining questions included in the first class must also be overruled for the same reasons.

Sufficient has already been remarked to show that no one of the exceptions included in the second class can be sustained. Their great and controlling error consists in the theory of fact upon which they are respectively based. Every one of the reasons, which it is alleged in the second exception are omitted, are sufficiently and satisfactorily stated in the respective schedules annexed to the report, and which necessarily constitute a part of the same. In effect, they describe the plan of each book, and distinctly give the order in which the subject of anal-

ysis is therein displayed, and state the mode in which it is set forth and illustrated by examples; and the report expressly affirms that the respective schedules indicate the parts and matters specified as similar in the respective books, showing conclusively that the facts assumed in the exception are not correctly stated. All the answer that need be given to the fifth and tenth exceptions is to say ·that every matter and thing therein alleged to have been omitted by the master will be found to be stated in his findings, and to refer to the report in verification of the remark. They are accordingly overruled.

It is admitted by the counsel for the respondent that the sixth, seventh, and.eighth exceptions, constituting the third class, cannot be sustained, and they are respectively overruled without further remark. Judge Story, held, in Donnell v. Columbian Ins. Co. [Case No. 3,987], that, when exceptions are taken to the report of a master in chancery, the evidence which furnishes the ground of the exception should be required by the party excepting to be stated by the master; and in effect declared that, unless it be done, the court will not enter at large into the evidence in order to ascertain whether or not the master was wrong in his conclusion. Masters are required, in a case like the present, to report conclusions; and, in general, it is irregular for them to incorporate the details of the evidence into their reports, without the direction of the court. They should, however, especially when it is requested by either party, specify and identify the evidence, and refer to it in such a manner as to inform the court on what state of facts their conclusions are based. It was so held by Chancellor Walworth, in Ex parte Hemiup, 3 Paige, 307; and such appears to be the purport and spirit of the requirement contained in the eighty-sixth rule, regulating the practice in equity suits. Of all the objections to the draft report, only one contains a request to the master to report any portion of the evidence, and no one of the exceptions alleges, or even intimates, that the report, as made, does not constitute a satisfactory compliance with the request. No application was ever made to the court; and in the absence of any suggestion that any injustice has been done in this behalf, it must be assumed that the master has well and truly performed his duty.

With these remarks, all of the exceptions may be dismissed but the eleventh, which remains to be considered. It alleges that it appears by the master's report, and the schedule annexed to it, that the book of Covell does not use the language of the complainant's books, but simply expresses and condenses the views of the complainant, and is not an infringement of his copyright. Some doubt exists in the mind of the court as to what is meant by the exception, aris-

ing out of the vagueness of the language employed, and the involved manner in which the ideas are expressed. It does not allege that Covell's book does not use the language of the complainant's books, nor that it simply expresses and condenses his views, but only affirms that it so appears from the report of the master, and the schedule annexed to the same. Unless its meaning be such as is supposed, the exception might well be overruled as too vague and indefinite to constitute the foundation of a decree. Assuming that the purpose and intent of the pleader has been correctly defined, then it is certain that it does not directly challenge any comparison of the respective books with each other, or with the findings of the master, but refers to the report, and the materials set forth in the schedule, on the basis that they were correct; and, if so, it is clear that the exception cannot be sustained, as it rests upon a theory of fact expressly negatived by the report, and, in the judgment of the court, the materials set forth in the same fully warranted the conclusions reported by the master. For these reasons the eleventh exception is also overruled; and the report of the master must be confirmed.

At this stage of the case, the complainant moves for an injunction, and that the respondent may be ordered to render an account in pursuance of the prayer in the bill of complaint. That motion must be considered and determined on the basis that the report of the master is correct, and wholly irrespective of any matters alleged in the exceptions. Any argument founded upon such matters cannot now avail, as the exceptions have been overruled, and the report of the master confirmed. For the purposes of any further examination of the case, and especially in determining the question under consideration, it must be assumed that the facts are as they have been found to be in the report of the master. Matters not included in the findings, and not embraced in the order of reference, if any, will depend upon the evidence, and must be heard and determined by the court, as in other cases, upon final hearing. All the matters found by the master, and embraced in the order of reference, must now be taken to be true. These findings show in effect that the system on which the materials are arranged in that part of the respondent's book which treats of analysis, as well as in the logical order in which the subject is displayed, and the mode by which it is set forth and illustrated, are similar to those of the entire book of the complainant, entitled "Greene's Analysis"; that the parts and matters of the respondent's book specified in the schedule are similar to the parts and matters in the complainant's book, which are also specified in the opposite schedule; and that the parts and matters thus specified in the logical connection in which they stand, and in which they are used by the respondent, form an original part of an original system of grammar set forth in the complainant's book; and they also show that the use of those parts and matters by the defendant tends to prejudice the sale of so many copies of the same as there are sold copies of the respondent's book. On that state of the case the counsel for the respondent contend:

1. That the system of analysis and classification of sentences set forth in the complainant's book is not original with the complainant.

2. That the respondent, or those he represents, did not copy from the complainant's book what in judgment of law was exclusively secured to the complainant.

3. That the use made by Covell of the analysis of the complainant, if any, was in the fair exercise of his powers as an author engaged in good faith in composing an original work, and fairly availing himself of ideas and terms found in other scientific treatises upon the same subject; and that he did not servilely copy from the complainant's work so much thereof in quantity and value as amounts to an infringement of his copyright.

4. That the complainant is not entitled to an injunction or to an account, under the circumstances of this case.

Some additional observations upon the objection embraced in the first proposition may be useful and necessary, notwithstanding it is identical in principle with the third exception, which has already been considered and overruled. By the first section of the act of the 3d of February, 1831 [4 Stat. 436], it is provided that the author of any book. "shall have the sole right and liberty of printing, reprinting, publishing, and vending such book"; but it is undoubtedly true, as contended by the counsel for the respondent, that when a party comes into a court of law or equity, seeking protection to a copyright, he must show that he is the author of the work, or that his title is derived from one sustaining that relation to the publication. Curtis. Copyr. p. 169, c. 5. An author, as was remarked by Grier, J., in Stowe v. Thomas [Case No. 13,514], may be said to be the inventor or creator of the ideas contained in his book, and the combination of words to express them. But when he has published his book, and given his thoughts to the world, he can no longer have their exclusive possession, for the reason that such an appropriation then becomes impossible, and inconsistent with the object of the publication; and he accordingly held to the effect, that when an author has published and sold his book, he ceases to have any exclusive claim to the ideas, sentiments, or thoughts therein expressed, considered merely as abstractions, and dissevered from the language, idiom, style, or the outward semblance or exhibition of them to the eyes of another; and that the only property which he reserves to himself, and which the law gives him under

such circumstances, is the exclusive right to multiply the copies of that particular combination of characters which exhibits to others the ideas intended to be conveyed. Assuming the doctrine there laid down to be correct, of which, as a general proposition, or as one applicable to that case, there can be no doubt, it by no means follows, as seems to be supposed, that an author who has compiled and written a new work upon a new and original plan, arrangement, and combination of materials, not servilely copied or evasively imitated from another, is not entitled to a copyright for the work, even though all the materials employed by him were old. Elementary writers and jurists concur that the law does not require that the subject of a book should be new, or the materials original, in order to entitle the author to a copyright; and all appear to admit that there may be a valid copyright in the plan of a book, as connected with the arrangement and combination of the materials, and the mode of displaying and illustrating the subject, although all the materials employed and the subject of the work may be common to all other writers. Reference to two or three decided cases upon the point will be sufficient at the present time, although there are several others which assert the same doctrine; and it will be observed that one of the examples put by Mr. Curtis, in his valuable work on Copyright, to illustrate the doctrine, is that of a scientific treatise written and published for the purposes of instruction. Speaking of the question under consideration, he says, in effect, that the author of a book, who takes existing materials from sources common to all writers, and arranges and combines them in a new form, and gives them an application unknown before, is protected in the exclusive enjoyment of what he has thus collected and produced, for the reason that he has exercised selection, arrangement, and combination, and thereby has produced something that is new and valuable. Curtis, Copyr. pp. 179, 180; Gray v. Russell [Case No. 5,728]; Emerson v. Davies [Id. 4,436]; Lewis v. Fullarton, 2 Beav. 6; Story v. Holcombe [Case No. 13,497]. Judge Story held, in Emerson v. Davies [supra], that every author of a book has a copyright in the plan, arrangement, and combination of his materials, and in his mode of illustrating his subject, if it be new and original in its substance; and remarked that if no book could be the subject of copyright which was not new and original in the elements of which it is composed, then there could be no ground for any copyright in modern times. All the well-considered cases upon the subject show that the state of facts found by the master are sufficient to entitle the books of the complainant to protection under his respective copyrights; and, as before remarked, the evidence in the case fully warrants the findings of the master.

Little more need be remarked respecting the second proposition than to refer to the findings of the master, and what has already been said in determining the one which precedes it, and which involves the same general considerations. Copying is not confined to literal repetition, but includes, also, the various modes in which the matter of any publication may be adopted, imitated, or transferred, with more or less colorable alterations to disguise the piracy. In all such cases, says Mr. Curtis (Curtis, Copyr. 253), the main question is, whether the author of the work alleged to be a piracy has resorted to the original sources alike open to him and to all writers, or whether he has adopted and used the plan of the work which it is alleged he has infringed, without resorting to the other sources from which he had a right to borrow. Within these principles, both the report of the master, and the evidence on which it is founded, show that the respondent has copied what in judgment of law was exclusively secured to the complainant, under and by virtue of his respective copyrights.

Great difficulties oftentimes surround the inquiry, whether an alleged act of copying from an original author amounts to piracy, or whether it may or may not be justified on the ground of fair quotation, or that the use made of the book or its contents does not exceed what the law permits to another engaged in composing a new work upon the same subject. None of those difficulties, however, arise in the present case, as all the authorities agree that it is not necessary that the whole, or even the larger portion, of a work, should be taken in order to constitute an invasion of a copyright; and they affirm the doctrine, that if so much is taken that the value of the original is sensibly and materially diminished, or the labors of the original author are substantially to an injurious extent appropriated by another, that such taking or appropriation is sufficient in point of law to maintain the suit. Folsom v. Marsh [Case No. 4,901]; Wilkins v. Aiken, 17 Ves. 424; Mawman v. Tegg, 2 Russ. 385; Roworth v. Wilkes, 1 Camp. 94; Saunders v. Smith, 3 Mylne & C. 711; Lewis v. Chapman, 3 Beav. 133; Webb v. Powers [Case No. 17,323].

Whatever doubts may have been formerly entertained, says McLean, J., in Story v. Holcombe [supra], it is now clear that a book may in one part of it infringe the copyright of another book, and in other parts be no infringement; and, in such a case, the remedy will not be extended beyond the injury; and the same learned judge held that extracts made for the purpose of a review, or for a compilation, are governed by the same rule; but that they cannot be so extended in either case as to convey the same knowledge as the original work, nor can the privilege be so exercised as to supersede the original book. Bramwell v. Halcomb, 3 Mylne & C. 738. Apply these principles to the facts stated in the last finding of the

master, and it is clear that this proposition cannot be sustained. Whether a fair and bona fide abridgment of an original work is, or is not, an invasion of the copyright of the original author, is not a question at the present time, nor is it necessary on the facts of this case to determine, or even consider, what constitutes such an abridgment in the sense of the law. It is clear that the mere copying a portion of the materials, without any essential condensation of the same, cannot be held to bring the work within the legal description of such a publication; and it will not change the rule of law if the new publication also contains the system on which the materials are arranged, the logical order in which the subject is displayed, and the mode by which it is set forth and illustrated in the prior work. One other suggestion of the counsel for the respondent deserves to be considered before leaving this branch of the case. They also contend, in effect, that the respondent is an original author, without having copied or had access to the complainant's books. On this point it will be sufficient to remark, that the weight of the evidence is greatly otherwise, as appears from the testimony of the witnesses, as well as from the inspection of the book and the colorable alterations made in the second edition.

Two grounds are assumed in support of the fourth proposition, which will now be briefly considered. First, that the complainant is not entitled to relief on account of the delay in instituting the suit, and because it is prosecuted against the vendor of the book, and not against the author or publishers. Second, because it is brought merely for a technical violation of the legal right, and because the facts show that the complainant has suffered injury only to a nominal amount. A few remarks respecting each of these suggestions will be sufficient at the present time. Both the bill and the answer disclose the fact that the first edition of the respondent's book was published in 1852, in another state; and the second, in 1853, by the same publishers, while the complainant was residing in this district, and this bill was filed during the following year. At what time the complainant became possessed of the knowledge of these publications does not appear; and there is no evidence tending to show that he ever in any manner acquiesced in the claim of the respondent, or recognized the validity of his acts, except what may be inferred from the omission to prosecute. No other laches appear on the face of the bill, and no such defence is set up in the answer. Attention is drawn to two cases, decided in this court, to show that it is incumbent upon the complainant to set forth in the bill the circumstances, if any, which explain the delay to institute the suit. One is the case of Stearns v. Page [Case No. 13,339], in which the bill prayed for an account of an intestate's estate after a lapse of more than twenty years; and the other is

the case of Fisher v. Boody [Id. 4,814], which prayed to set aside a conveyance of land, after an acquiescence in the validity of the sale for a period of nine years. Without entering into any further examination of the numerous authorities bearing upon the question, or attempting at this time to lay down any general rule upon the subject, it will be sufficient to say that the cases cited are not applicable to the facts of this case, and that the point cannot avail the respondent as a defence to this suit. Wagner v. Baird, 7 How. [48 U. S.] 234; De Lane v. Moore, 14 How. [55 U. S.] 268. Vendors are liable for the sale of a book which invades the copyright of another, on the same principle, and for the same reasons, that the vendor of a machine or other mechanical structure, in the case of patent rights, is held liable for selling the manufactured article without the license or consent of the patentee; and no reason is perceived for withholding from the complainant the common remedies for the injuries he has suffered by the acts of the respondent, merely because he has elected to seek redress in this district, instead of going into another circuit to pursue it against the publishers. Decided cases have been cited by the counsel for the respondent, which show that when the invasion of a copyright is slight, and the copying consists of indefinite or small parts, so scattered through the work that it is difficult or nearly impossible to estimate either the amount of the injury to the complainant, or the profit to the respondent, relief in equity has sometimes been refused, and the party turned over to his remedy at law. Those decisions were doubtless correct as applied to the facts and circumstances under which they were made; but it is clear, both from the finding of the master and all the evidence on which it is based, that no such difficulty can arise in this case; and consequently I hold that the complainant is entitled to an injunction, to be limited according to the second finding of the master. and also to an account.