W. N. CLARK, Respondent, v. CHICAGO & ALTON
RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, April 1, 1902.**

1. **Personal Injuries: DEMURRER TO EVIDENCE.** In order for a
party defendant to get the benefit of a peremptory instruction
offered at the close of plaintiff's case, such party must stand on
the demurrer.

2. ———: ———: MUST STAND ON DEMURRER: WAIVER.
While it may be true that plaintiff was not entitled to go to the
jury when he closed his case, yet defendant by putting in its
own evidence thereby waived its exception in that behalf (namely,
the refusal to sustain a demurrer to plaintiff's testimony) except
that the court may consider the same in connection with all the
evidence in the case.

3. ———: WHAT ABSTRACT OF RECORD MUST CONTAIN:
REVIEW. Where an appellant has not brought all of the evidence,
but only stated what a part of it tended to prove, and has not
even preserved the substance of it in the abstract of the record,
the sufficiency of the evidence to sustain the verdict can not be re-
viewed.

Appeal from Audrain Circuit Court.—*Hon. Elliott M.
Hughes,* Judge.

AFFIRMED.

*F. Houston* for appellant.

(1)    The mere fact of an accident and injury raises no
presumption of negligence.    The negligence alleged must be
proved.    Beach, Contributory Negligence (last Ed.), p. 30;
Black's Ac. Cases, 8 and 181; Elliott on Railroads, pp. 1297
and 1697; Maxwell v. Railroad, 85 Mo. 95; Current v. Rail-

Clark v. Chicago & Alton Ry. Co.

road, 86 Mo. 62; Davis v. Railroad, 89 Mo. 340. (2) In the matter of tools, appliances, machinery, track, etc., the employer is bound to use ordinary and reasonable care and diligence, and nothing more. The rule as to defective machinery, etc., applies in this case, and that rule is that the master must use ordinary and reasonable care and diligence in selecting tools and machinery, and must use reasonable care in inspection for the purpose of discovering obvious defects. He is not required to use the newest or best appliances, but such only as are reasonably safe and sufficient, and such as are in general use, and reasonable care in keeping them in repair. Black's Ac. Cases, pp. 67-181; Beach, Contributory Negligence, p. 8.

*H. S. Booth* and *Fry & Clay* for respondent.

(1) Under the imperfect abstract, the only possible question that is presented for the consideration of this court is, whether the trial court erred in overruling appellant's demurrer to plaintiff's evidence. A demurrer to the evidence will not be considered unless the abstract sets out the evidence in full. Jackson v. Railroad, 85 Mo. App. 443. (2) Again, defendant did not stand on his demurrer, but offered evidence —ten witnesses—on his own behalf after the demurrer to plaintiff's evidence was overruled, and thereby waived any objection to the action of the trial court on said demurrer. McPherson v. Railroad, 97 Mo. 253; Kerr v. Cusenbary, 60 Mo. App. 558; Gallagher v. Edison Co., 72 Mo. App. 576.

GOODE, J.—Respondent was injured while in the appellant's service by being hurled from a handcar on which he was riding along appellant's railway to his work. The handcar ran off the rails while rounding a sharp curve, precipitating the respondent headforemost down an embankment and thus stunning and otherwise hurting him.

Among the assignments of negligence are the following:
"Plaintiff says that said handcar on which he was being carried over said track was old, defective and worn, and out of repair, and that the rails in said track at said point were worn and out of repair and were too small for use on curves, especially a short curve like the one where said handcar was derailed."

At the conclusion of the plaintiff's case a peremptory instruction in the nature of a demurrer to the evidence was presented to the circuit court and refused, and the only assignment of error on the appeal is that the court therein committed error.

Appellant did not stand on its demurrer to the testimony introduced by the respondent, but as its abstract states: "Introduced evidence tending to sustain all the issues, contentions and defenses on its part," enumerating them.

At the conclusion of the testimony, the court gave five instructions at the request of the plaintiff and seven at the request of the defendant, which amply and satisfactorily covered every phase of the case and no point is made about them here.

In our judgment there was sufficient evidence to be submitted to the jury on the issue of whether the rails of appellant's track, on the outside of the curve where the handcar ran off, were too worn to be safely used; but if we were of the opposite opinion from the evidence preserved in the abstract of the record, we would be bound to overrule appellant's assignment of error committed in refusing to grant a peremptory instruction in its favor at the conclusion of plaintiff's case, because it neither stood on the demurrer, nor has stated the testimony in its abstract so we may review it. Granting that the plaintiff was not entitled to go to the jury when he closed his case, for aught we know, he may have been materially helped by the testimony of the witnesses brought forward by the appellant. "By putting in its own evidence, de-

fendant thereby waived its exception in this behalf (namely, the refusal to sustain a demurrer to plaintiff's testimony), except that the court may consider the same in connection with all the evidence in the case." McPherson v. St. L. & I. M. R'y Co., 97 Mo. 253. Appellant has not brought up all the evidence in the case, but has only stated what a part of it tended to prove—has not even preserved the substance of it in the abstract of the record, and this fact precludes us from passing on whether it was sufficient to support the verdict. Davis v. Vories, 141 Mo. 234; Ogelbay v. College of Dental Surgery, 71 Mo. App. (K. C.) 339.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.