WILLIAMS v. STROUB et al.; and LONG-BELL LUM-
BER COMPANY v. WILLIAMS, STROUB et al.;.
ANNA O. STROUB, Appellant in Each Case.

### Division Two, April 19, 1902.

1. **Mechanic's Lien:** VERIFICATION OF ACCOUNT. A verification of the
account and description of the property in a mechanic's lien case, by
an affidavit which precedes them, and that refers to them as "the ·
preceding and foregoing statements and description," is sufficient,
since it is in substantial compliance with the statute (sec. 6709, R.
S. 1889), which is all that is necessary.

2. **Appeals:** WEIGHT OF EVIDENCE: OMISSION FROM RECORD. Where all
the evidence is not set forth in the bill of exceptions, the question of ·
the sufficiency of the evidence to support a verdict will not be re-
viewed.

3. **Mechanic's Lien:** COUNTERCLAIM: CORRECT INSTRUCTION: FINDING.
Where there has been a correct instruction given as to the right of ·
the landowner to counterclaim for delay in finishing a building, and
there has been a finding for the contractor, the presumption, in the ·
absence of anything to the contrary, is that the counterclaim was
considered by the court in passing on the right of the parties, and
that the judgment was in accordance with the declaration. And
this presumption is borne out by a showing that the contractor re-
covered so much less than he sued for that the difference can be ·
accounted for on no other theory than that the counterclaim was ·
taken into consideration.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,.*
Judge.

AFFIRMED.

*Evans & Finley* for appellant.

(1)    Section 6709, Revised Statutes 1889 (R. S. 1899,.
sec. 4207), requires that every original contractor, within six:

months, . . . and every other person . . . within four months, shall file with the clerk of the circuit court a just and true account of the demand due him or them. . . . . . and a true description of the property . . . . . which shall in all cases be verified by the oath of himself or some credible person for him. In this case there is no verification whatever, for the reason that the account and description follow the affidavit, and the reference is to the preceding and foregoing statement and description. (2) The statement is not sufficiently itemized and the dates are not sufficiently set out. Reede v. Mitchell, 97 Mo. 373; Walden v. Robertson, 120 Mo. 38. (3) The verdict was against the weight of the evidence, which so clearly preponderates in favor of defendant Anna Stroub that to allow it to stand would do injustice to defendant. Bank v. Armstrong, 92 Mo. 265; State v. Primm, 98 Mo. 372; Dean v. Fire Ass'n, 65 Mo. App. 209. The contractor, J. C. Williams, failed to perform his contract, for the following reasons: (a) He allowed the buildings to be incumbered with liens. Taylor v. Peter, 23 Mo. 244. (b) He failed to complete the building within the time limited in the contract, and through no fault of defendant Stroub. Miller v. Phillips, 31 Pa. St. 218; In re Geadon Waterworks Co., 72 Law T. 832. (c) He failed to comply with the requirements of the city ordinance as the contract prescribes, and it must prevail. Smith v. Lenning Co., 43 Pa. 967. (d) He failed to get the certificate of Dennis Stroub, as the contract required, and this requirement is binding upon the contractor, unless the certificate was arbitrarily and without reason refused. Ray v. Bateler, 40 Mo. App. 213; Del Bondio v. Dold Packing Co., 79 Mo. App. 465; Chapman v. Railroad, 114 Mo. 547; Nofsinger v. Ring, 71 Mo. 149; Spink v. Mueller, 77 Mo. App. 85; Williams v. Railroad, 153 Mo. 487. (e) If plaintiff relied upon the acceptance of the building by defendant Anna Stroub as a waiver of a substantial performance of the contract, he should

both plead and prove it.    Ray v. Bateler, supra; Mohney v. Reed, 40 Mo. App. 99; State ex rel. v. Peterson, 142 Mo. 527.    (f) The acceptance of the building does not waive the right of defendant to recoup damages growing out of the breach of the contract.    29 Am. and Eng. Ency. Law, 901; Mohney v. Reed, supra; Spink v. Mueller, 77 Mo. App. 91. (g) The contractor could not use inferior materials and perform inferior work, and then recover the contract price less the difference in the materials and work.    May v. Menton, 41 N. Y. S. 650.    (4) The court should have found and determined the rights of defendant Anna Stroub on her counterclaim.    A general finding for plaintiff without any special finding upon the defendant's counterclaim, is an imperfect finding, of which advantage can be taken by a motion in arrest of judgment.    The Ashenbroedel Club v. Findlay, 53 Mo. App. 257; Cattell v. Dispatch Co., 88 Mo. 359; Bacon v. Perry, 25 Mo. App. 73; Erdbruegger v. Maier, 14 Mo. App. 258; Whittlesey's Mo. Practice, sec. 324.

*W. R. Cowley* and *Kinley & Kinley* for respondents.

(1)    The bill of exceptions shows that the plan of the buildings in question was introduced, but the same is nowhere preserved.    This case was tried by the court and all presumptions are indulged in to support the judgment, and if it appears that a portion of the material evidence is omitted from the bill of exceptions, the presumption is that such omitted evidence supports the court's findings and judgment.    Nichols v. Carter, 49 Mo. App. 401; Kimmel v. Benna, 70 Mo. 52. (a) Reversal is chiefly asked in this case because the finding and judgment of the court is contrary to the evidence, and in such instance all the evidence should be set out in bill of exceptions and abstract.    Barge Resort v. Brooks, 10 Mo. 531; State v. Clarkson, 96 Mo. 364; Irvine v. Karnes, 58 Mo. App. 254; Storey v. Patton, 61 Mo. App. 12; Hall v.

Reed, 17 Ohio 498; Davis v. Vories, 141 Mo. 234; Ogelbay v. K. C. Dental Coll., 71 Mo. App. 339. (b) The general statement that "this was all the evidence given in the cause," effective as it is, does not always control. If the bill shows that it does not contain all the evidence, the recital will be unavailing. Oberfelder v. Kavanaugh, 29 Neb. 427, 45 N. W. 471; Stout v. Turner, 102 Ind. 418; Railroad v. Hays, 15 Neb. 224, 18 N. W. 51; Taylor v. Davis, 138 W. Rep. 642. (2) The finding of the court in the case of John C. Williams v. Anna O. Stroub, in which the Long-Bell Lumber Company was required to implead, was correct, and shows, so far as appellant Anna O. Stroub and Williams were concerned, that a finding was had on the alleged counterclaim of Anna O. Stroub of $3,270, and that after giving her credit for all she was entitled to claim by way of damages for failure to carry out contract for building said houses, there was found a balance due Williams of $1,294.13. Hence, there must have been a finding of the court as to the defenses set up by Anna O. Stroub. Taylor v. Short, 38 Mo. App. 21; Schaob v. Woodburne, etc., 56 Mo. 156; Hoyle v. Farquarhson, 80 Mo. 378; Cass Co. v. Bank, 157 Mo. 133; Woodham v. Cline, 130 Cal. 497; Frantz v. Harper, 130 Cal. 18; Miller v. Stephenson (Ind.), 59 N. E. 497.

BURGESS, J.—These actions are by different parties to enforce liens against certain storerooms, with rooms above them, one a mechanic's lien, and the other a materialman's lien. They were consolidated by an order of the court.

In Williams's suit he claims a balance to be due him of $2,664.13. To this suit the defendant Anna O. Stroub filed a separate answer, in which it is alleged she made a contract with Williams to build the houses in accordance with certain plans and specifications, with certain grades of materials, and in a specified time, and that he did not do either. That the Long-Bell Lumber Company, by its name of Pacific Coast

Lumber Company, had as security joined said Williams in a penal bond in the sum of seven thousand dollars, conditioned that Williams would perform and carry out the contract made between him and said Anna O. Stroub. The answer further states that the "Long-Bell Lumber Company has filed· in the office of the clerk of the circuit court of Jackson county, Missouri, a statement of its claim for material furnished· said Williams for the erection of said buildings and improvements ·on the land of this defendant, for the purpose of establishing a lien upon said buildings and land, for the amount of said materials, said amount being alleged to be fifteen hundred dollars and fifty cents," and said Anna O. Stroub in said separate answer prayed the court to order, adjudge and decree that the said Long-Bell Lumber Company be made a party to this suit and be ordered to file herein its claim for materials furnished to and used in the construction of. said building for which it claims said lien upon the premises of this defendant.

After the filing of the foregoing separate answer of said Anna O. Stroub, on December 3, 1896, the Long-Bell Lumber Company, by order of court, was made a party defendant to said suit, and it filed its answer and cross-petition in which it prayed judgment against Williams and a lien against the real estate in question, for $1,500.50, and also in addition a general judgment against Williams for the sum of $1,349.92, for money advanced him with which to erect the buildings in question.

On January 11, 1897, the Long-Bell Lumber Company brought suit against John C. Williams, Anna O. Stroub and others alleged to be interested in said real estate, to enforce its mechanic's lien against the real estate in question for the amount of $1,500.50.

To this petition the defendant Anna O. Stroub filed her separate amended answer, alleging that she had made a contract with Williams to erect such buildings in a specified

manner, with a certain character of materials and in a fixed time under a penalty of three dollars per day for every day beyond such time that said buildings remained unfinished. Said answer also alleged that plaintiff, the Long-Bell Lumber Company, had joined defendant Williams as his surety in a bond of said defendant Anna O. Stroub in the penal sum of seven thousand dollars, conditioned that said Williams would fully perform the conditions of his agreement with said Anna O. Stroub, and then after alleging Williams's failure to faithfully perform said contract as to manner of building and character of material used, prayed judgment against plaintiff and defendant Williams for $3,270. There was no prayer for judgment for the penalty of the bond pleaded in this answer, nor for an assessment of damages thereon. Nor was judgment rendered for the penalty of said bond. To this answer plaintiff filed its reply, being a general denial.

On trial of the cases the plaintiff Long-Bell Lumber Company introduced its notice served on defendant ·Anna O. Stroub, owner of the property, and proved its service on October 3, 1896. Plaintiff also introduced its lien and account, to which defendant objected upon the ground that it was not in accordance with the notice plaintiff claims to have served upon the defendant, and upon the ground that the lien account is unintelligible and is not a 'fair statement of the materials furnished or claimed to have been furnished by the Long-Bell Lumber Company; that it is not an itemized account as is contemplated and required by statute; and upon the further ground, that the account is not competent evidence for the purpose of showing when the indebtedness accrued.

The file-marks on said lien shows that it was filed in the office of the clerk of the circuit court of Jackson ·county, on October 15, 1896.

The evidence showed that the Long-Bell Lumber Company sold the lumber and materials embraced in its account

and lien account to John C. Williams to be used in the build-
ings in question, that they were so used, that said Williams
had contracted with Anna O. Stroub to build said buildings,
that she was the owner of the real estate on which they stood,
that the prices charged therefor were reasonable, that proper
credits had been given the same, though it appeared to the
court that a credit of about $359.50 by mistake had been
applied to the personal account of Williams for money ad-
vanced him when it should have been applied to the account
for lumber. The mistake, if a mistake was committed, was
owing to the fact that at the end of each week Anna O. Stroub
was in the habit of furnishing enough money to pay hands,
and Williams would either cash with plaintiff these checks
and pay the hands or would turn the same over to the plain-
tiff, the Long-Bell Lumber Company, and it would deposit
the check and pay off the hands; the court credited this check
on the lien account, but did not find that the same was know-
ingly and intentionally not credited by plaintiff.

In the case of John C. Williams v. Anna O. Stroub et al.,
the plaintiff introduced his lien filed with the clerk of the
circuit court of Jackson county. To the introduction of said
lien objection was made upon the ground that it was not an
itemized account as required by the statute in order to estab-
lish a lien upon the property, for the reason there is nothing
to fix the date of the items, and therefore incompetent, irrel-
evant and immaterial.

The evidence showed that Williams had put all of the
materials mentioned in the account sued on and in the lien
account, in the buildings in question and that all the lumber
charged therein had been used in erecting the same and was
reasonably worth what was charged.

The defendant Anna O. Stroub introduced in evidence
the contract and specifications and also the bond executed to
her by Williams and the Long-Bell Lumber Company under
the name of its retail yard, Pacific Coast Lumber and Supply

Company. There was offered, on behalf of Anna O. Stroub, considerable testimony tending to show that the buildings were not constructed out of the character of materials, nor in the manner contemplated by the contract, and that the same were not completed in the time stipulated, though the plans offered in evidence showing how the houses should have been built have not been incorporated in the abstract of appellant, nor are they preserved in the bill of exceptions.

At the conclusion of the testimony offered by Anna O. Stroub, plaintiffs, Williams and Long-Bell Lumber Company, introduced evidence to show that the houses were built according to the agreement, plans and specifications.

The finding of the court was for plaintiff, the Long-Bell Lumber Company, holding it was entitled to a lien against the property in question for the sum of $1,156.55 and a judgment against John C. Williams for the sum of $2,975, and also that said Williams was entitled to a general judgment against Anna O. Stroub for $1,294.13 and crediting her on said judgment with whatever she might pay the Long-Bell Lumber Company on account of its lien.

Anna O. Stroub filed motions for new trial and in arrest in both cases, which were overruled and she brings the case here by appeal for review.

It is said that no mechanic's lien was ever offered in evidence by the Long-Bell Lumber Company; the only exhibits offered being a notice of said alleged lien served on defendant Anna O. Stroub, and the notice of said alleged lien filed in the office of the clerk of the circuit court of Jackson county, Missouri. The case was tried by the court, and the record shows that said company offered in evidence the original lien and all the file-marks on the same, to which defendant Anna O. Stroub objected because not in accordance with the notice served upon her, and that the objection was overruled. It was wholly unnecessary under these circumstances to go

Vol 168 mo—23.

through the idle ceremony of reading the original lien to the court, who evidently considered it in evidence. And for the same reason there is no merit in the contention that there was no evidence of the filing of such notice or lien.

It is said there is no verification of the account nor to the description of the property as required by section 6709, Revised Statutes 1889, for the reason that the account and description follow the affidavit, and the reference is to the preceding and foregoing statement and description. But to this contention we can not agree. The verification is in substantial compliance with the statute, and that is all that is necessary.

The assertion is made that the statement is not sufficiently itemized, and the dates not sufficiently set out, but we are not advised in what particular, and will not undertake to pass upon a question so general. If defendant had desired to insist upon this point she should at least have indicated of what particular matter she complains.

One J. B. Smith, a witness for plaintiff, was permitted to testify over the objection of defendant as to the manner in which the work was done, two years thereafter, as it then appeared to him, and this is assigned for error. This evidence might well have been excluded upon the objection made to it, that is, because immaterial for any purpose, but the error is not prejudicial and the matter not of sufficient importance to justify the reversal of the judgment upon that ground.

Nor is there any merit in the contention that this same witness and others were permitted to testify, over the objections of defendant, to matters when recalled that should have been inquired of during their examinations in chief. It was a matter entirely within the discretion of the court.

It is insisted with much earnestness that the weight of the evidence clearly preponderates in favor of the defendant Anna O. Stroub, and that to allow it to stand would do injus-

tice to her. While the evidence was conflicting there was sufficient of it to justify the finding of the court, and, under such circumstances it has been so often ruled by the Supreme Court that it will not interfere that it is unnecessary to cite authorities upon the question. Moreover, while the record shows that the plan of the building in question was introduced in evidence it is not set forth in the bill of exceptions, and it is well settled that where all the evidence is not included in the bill of exceptions, the question of the sufficiency of the evidence to support a verdict will not be reviewed. [Epstein v. Clothing Co., 67 Mo. App. 221; Ogelbay v. College of Dental Surgery, 71 Mo. App. 339; Davis v. Vories, 141 Mo. 234; Reed v. Peck, 163 Mo. 333.]

It is claimed that the court erred in not finding and determining the rights of Anna O. Stroub, on her counterclaim. The question as to what she was entitled to recover under her counterclaim if sustained by the evidence was clearly set forth in the declarations of law given at her instance, and it must be presumed in the absence of anything to the contrary, that the counterclaim was considered by the court in passing upon the rights of the parties, and that the judgment was in accordance with the declarations. That this was done is borne out by the fact that Williams sued for $2,664.13, while judgment was rendered in his favor for $1,294.13 only, being $1,350 less than he sued for, which can not, we think, be accounted for, under the evidence, upon any other theory than that the counterclaim was considered by the court, and the difference between Williams's claim as sued for and the amount for which he recovered judgment, was allowed Anna O. Stroub by way of damages upon her counterclaim.

Finding no error in the record which would justify a reversal, the judgment is affirmed. All concur.