## NAY *v.* BYERS.

APPEAL from the *Henry* Court of Common Pleas.

PERKINS, J.—Suit for an assault and battery. Issues of fact. Trial by jury; verdict and judgment for the plaintiff for 500 dollars.

An instruction was asked and refused. The record does not purport to contain all the evidence; hence, we must presume the instruction was refused, because not correct as applicable to the case made by the evidence.

An instruction was given which, it is contended, was

not justified by the evidence. Upon a case that the evidence might have made under the issues, the instruction would have been correct. The evidence not being in the record, we must presume such a case was made.

In this case, there is a bill of exceptions containing evidence touching a fact, and the bill closes by saying that is all the evidence touching that fact. But no case is stated by the Court upon notice of intention to take the case to the Supreme Court upon a question of law ruled upon the fact; and, hence, the bill of exceptions amounts to nothing in the record. This has been often decided. *Spencer* v. *Russell*, 9 Ind. R. 157, and cases cited. See *Adams* v. *Kerns*, 11 *id.* 346.

Had the Court been notified of the object of the bill, it might have contained a fuller statement of facts, and of the grounds of the rulings of the Court thereon.

The record should have contained all the evidence given in the cause, or a case specially stated by the Court pursuant to § 347, 2 R. S. p. 116, in order to have subjected the particular ruling of the Court below to a review in this Court.

There is a similar error in this case, in an instruction as to vindictive damages, to that which occurred in *Taber* v. *Hutson*, 5 Ind. R. 322, but it is not relied on by counsel, is not even alluded to in the brief, and, hence, will be treated as waived.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. Grose*, for the appellant.

*J. Brown*, for the appellee.