Fellenzer *et al. v.* VanValzah.

No. 11,241.

FELLENZER ET AL. *v.* VANVALZAH.

SUPREME COURT.—*Appeal.*—*Complete Record.*—*Duty of Appellant.*—Upon an appeal to the Supreme Court, it is the duty of the appellant to produce and file therein a complete transcript of the record, or so much thereof as will clearly show the error of which he complains; otherwise the presumption will prevail that no such error exists.

PRACTICE.—*Answer Rejected.*—*Bill of Exceptions.*—*Supreme Court.*—*Appeal.*—Where a motion to strike out or reject a paragraph of answer is sustained, such paragraph will constitute no part of the record on an appeal to the Supreme Court, unless it is made so by bill of exceptions or an order of court.

BILL OF EXCEPTIONS.—*All the Evidence.*—*Finding.*—*Supreme Court.*—*Weight of Evidence.*—The bill of exceptions must show affirmatively that it contains all the evidence given on the trial, or the Supreme Court will not consider or determine any question which depends upon the evidence for its proper decision, and the finding or verdict will not be disturbed, in any case, merely upon the weight of the evidence.

From the Vigo Circuit Court.

*M. M. Joab* and *A. M. Black*, for appellants.

*T. W. Harper, W. E. Hendricks, W. Mack* and *I. N. Pierce*, for appellee.

HOWK, C. J.—The record of this cause shows that on the 30th day of March, 1882, the appellee, Martha VanValzah, the plaintiff below, filed what is called her substituted complaint against the appellants, Jacob Smock, Alexander Smock, Martha W. Fellenzer, Joseph F. Fellenzer, George W. Fellenzer, Catharine Fellenzer and William H. Fisk, as defendants. Following the copy of this " substituted complaint," as it appears in the transcript, is a foot-note by the clerk to the effect that such substituted complaint, " it seems, is the only complaint on file in this action ; the plaintiff seems to have amended it, after it was filed, by interlineations," and it " is the second amended complaint in this cause filed."

In such complaint, the appellee alleged that, on April 10th, 1877, the appellants Jacob and Alexander Smock were the owners of the south forty feet of lot No. 119, in the city,

then town, of Terre Haute, in Vigo county; that on the day last named, Jacob Smock and his wife, then living, but since dead, and Alexander Smock executed a mortgage to Nimrod C. Sparks and Penelope, his wife, on said real estate, to secure the mortgagees, as follows: " That, whereas the mortgagees have this day assumed and agreed to pay a school fund mortgage of $1,000, executed by Jacob Smock and Alexander Smock on certain lands this day deeded to mortgagees; now, whenever the said mortgagees pay the said mortgage, then the mortgagors agree to pay the mortgagees $622;" that such mortgage was duly recorded in the recorder's office of Vigo county, on May 18th, 1877, and within forty-five days after its execution; that said Nimrod C. Sparks died intestate, on the — day of ———, 187–, leaving his wife, Penelope, surviving him; that, upon the death of said Nimrod, all the right, title and interest in said mortgage became vested in said Penelope by law of survivorship; that said Penelope died intestate, on the — day of ———, 187–, leaving the appellee and Margaret C. VanValzah her only heirs at law; that said Penelope left no debts, judgments or other claims, unpaid or due against her estate, and no administrator thereof had been appointed.

And the appellee averred that Penelope Sparks, long before her death, gave the claim in suit to the appellee; that at the time of such gift, suit was pending in the court below, and the said Penelope directed Messrs. Mack and Harper, her attorneys, to pay the proceeds when collected to appellee, as she, Penelope, had given her such claim; that, on December 21st, 1881, the said Margaret C. VanValzah assigned in writing to the appellee all her right, title and interest in said mortgage, and that the appellee was then the sole owner of said mortgage.

And the appellee further averred, that on the 3d day of September, 1877, the said Jacob Smock and Caroline, his wife, and Alexander Smock conveyed said mortgaged prem-

ises to one Joseph F. Fellenzer; that, on March 22d, 1879, said Joseph F. Fellenzer died intestate, leaving as his sole heirs at law Martha W. Fellenzer, his widow, and Joseph F. Fellenzer, George W. Fellenzer and Catharine, his wife, and John Fellenzer, his children; that, on the —— day of ——, 18—, John Fellenzer died unmarried and without issue, leaving his said mother and brothers as his only heirs; that when said Joseph F. Fellenzer, Sr., purchased the said mortgaged premises, he had full notice of the mortgage in suit; that the said Penelope Sparks, on April 12th, 1881, fully paid and discharged the school fund mortgage, described in the mortgage sued upon; and that the said Penelope Sparks, in her lifetime, on April 12th, 1881, demanded of the appellants payment of the said sum of $622, but such payment was refused; and that the said sum of $622 was then due and remained wholly unpaid. The appellant William H. Fisk was in possession of the mortgaged premises, as tenant, but his rights were junior to appellee's claim. Wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee, the plaintiff below, in the sum of $680, and a judgment and decree were rendered for the foreclosure of the mortgage in suit, and the sale of the mortgaged premises.

The defendants Jacob Smock, Alexander Smock and William H. Fisk, upon notice of this appeal by their co-defendants, decline to join therein. The appeal is prosecuted by, and in the names of, Martha W. Fellenzer, George W. Fellenzer, Catharine Fellenzer and Joseph F. Fellenzer, as the only appellants, and they have here assigned errors, as follows:

" 1. The second amended complaint does not state facts sufficient to constitute a cause of action.

" 2. The court erred in overruling the demurrer to the complaint.

" 3. The court erred in striking out the second paragraph of the defendants', the Fellenzers', answer.

Fellenzer *et al. v.* VanValzah.

" 4. The court erred in overruling the motion for a new trial."

Appellants' counsel begin their brief of this cause, as follows: " The first ground assigned as error by appellants is that the second amended complaint does not state facts sufficient to constitute a cause of action. The record recites, that the plaintiff files her second amended complaint. The only pleading on file, purporting to state her cause of action, is her substituted complaint. To this, appellants demurred, and the court sustained the demurrer, with leave to amend. The pleading having been thus disposed of, without exception, is out of the record; and the statements of the clerk will not cure the error."

If we should adopt the view thus taken by appellants' counsel of the record of this cause, and the appellee's counsel seem anxious that we should do so, what then would follow? Simply, and of necessity, the affirmance of the judgment. In this court, every presumption is indulged in favor of the decisions of the trial court, and the burden is upon the appellant to overcome such presumptions. It is not enough merely to allege or assign error, but, in every case, the appellant must clearly *show* the particular error upon which he relies for the reversal of the judgment. If he should claim as error, as in this case, that the complaint does not state facts sufficient to constitute a cause of action, or that his demurrer to the complaint was erroneously overruled, it will avail him naught to assert, or even prove, that such complaint " is out of the record." In such case, where such error is relied upon, it is incumbent on the appellant to produce the complaint, which he claims to be insufficient, in the transcript of the record filed by him in this court; otherwise the error upon which he relies will not be shown by the record, and of course will not be available for the reversal of the judgment.

In the case in hand, it is better for the appellants that we adopt the suggestions of the clerk's note and conclude, as we

do, that the appellee's complaint, of which we have given the substance, was the only complaint in the action, and is the one the sufficiency whereof is called in question by the first two errors assigned by the appellants. The appellants' counsel, however, have wholly failed in their brief of this cause to point out any defect in the appellee's complaint, or any objection thereto, either in form or substance. Under the well established practice of this court, therefore, the first two errors assigned by the appellants must be regarded as waived. *Irwin* v. *Lowe*, 89 Ind. 540.

The third error assigned by the appellants is the action of the trial court in striking out the second paragraph of their answer. After this paragraph of answer was struck out by the court, it was not brought back into the record of this cause, either by a bill of exceptions or by an order of court. Therefore, the third error complained of by the appellants presents no question for decision. *Stott* v. *Smith*, 70 Ind. 298; *Dunn* v. *Tousey*, 80 Ind. 288; *Peck* v. *Board*, etc., 87 Ind. 221.

In presenting the fourth and last alleged error of the court, namely: The overruling of the motion for a new trial, the appellants' counsel expressly limit their argument to the first four causes assigned for such new trial. The fifth cause for a new trial, therefore, is regarded as waived.

The first four causes for a new trial were, that the finding of the court was contrary to the evidence, was contrary to law, and was not sustained by sufficient evidence, and that the damages assessed by the court were excessive. It is manifest that the questions presented by each of these four causes for a new trial are wholly dependent for their proper decision here upon the presence in the record of *all* the evidence given in the cause. It is earnestly insisted by appellee's counsel, that the record wholly fails to show *what* evidence was given in the cause, or that it contains *all* the evidence so given. Each of these objections to the record of this cause seems to be well taken. The bill of exceptions, which appears in the transcript and purports to contain the evidence,

begins with the prefatory statement, " that, on the trial of this cause, the plaintiff, to sustain the issues on her part, *offered* the following evidence to wit," etc. Then follows a mixture of what seems to have been the oral testimony of divers witnesses, and certain documentary evidence. The bill of exceptions then states, that " the defendants Fellenzers, to sustain the issues on their part, *offered* the following evidence, to wit," etc. ; and this statement is followed by what we may suppose to have been the oral testimony of several witnesses. But the bill of exceptions fails to show, in any manner, how much, if any, of the testimony or evidence so *offered* by the parties respectively was either admitted or excluded by the court trying the cause; and therefore it is claimed that the record fails to show upon *what* evidence the cause was tried and the finding made.

In *Goodwine* v. *Crane*, 41 Ind. 335, it was stated in the bill of exceptions, that " The following was all the evidence *offered*; " and this was followed in the record by what purported to be the evidence. It was held, that the evidence was not in the record. Of " the evidence *offered*," the court said : " How much of it was admitted is not shown." See, also, *Sidener* v. *Davis*, 69 Ind. 336 ; *Woollen* v. *Wishmier*, 70 Ind. 108 ; *Baltimore, etc., R. R. Co.* v. *Barnum*, 79 Ind. 261.

Waiving this point, however, if it be conceded that, on its face, the bill of exceptions purported to contain " all the evidence given in the cause," yet, if it affirmatively appears in the body of such bill, as it does in this case, that all the evidence given in the case is not in fact contained therein, the Supreme Court will not consider or determine any question which depends, for its proper decision, upon the evidence. *Railsback* v. *Greve*, 58 Ind. 72 ; *Brownlee* v. *Hare*, 64 Ind. 311 ; *Hammon* v. *Sexton*, 69 Ind. 37 ; *Fouty* v. *Morrison*, 73 Ind. 333 ; *Morris* v. *Stern*, 80 Ind. 227 ; *French* v. *State, ex rel.*, 81 Ind. 151 ; *Shimer* v. *Butler University*, 87 Ind. 218.

Again, if this last point be waived, there is evidence in the record which tends to sustain the finding of the trial court

on every material point.   In such a case, we have uniformly held that we will not disturb the finding or verdict, nor reverse the judgment, upon what to us might seem to be the weight of the evidence.   *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73 ;  *Cornelius* v. *Coughlin,* 86 Ind. 461 ;  *Webb* v. *Zeller,* 90 Ind. 445.   The finding of the trial court was not contrary to law, and the damages assessed were not excessive.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed with costs.

Filed April 18, 1884.