GUARANTEE GOLD BOND LOAN & SAVINGS CO. v. EDWARDS et al.

(Circuit Court of Appeals, Eighth Circuit.   October 28, 1908.)

No. 2,760.

1. EQUITY (§ 409*)—PRACTICE—MASTER'S CERTIFICATE OR OTHER PROOF OF ENTIRE EVIDENCE REQUISITE TO ASSAIL HIS FINDING OF FACT.

The master's finding of facts upon evidence taken before him cannot be impeached, in the absence from the record of his certificate or other competent proof, either that the evidence presented is the entire evidence that was before him, or that it was all the evidence which was before him relative to the specific finding or findings challenged.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 409.*]

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EQUITY (§ 409*) — ORDER TO REPORT EVIDENCE AND REPORT THEREOF COMPETENT PROOF.

An order of the court that the master should take and report the evidence, his report of it, and the legal presumption of his faithful discharge of official duty constitute competent proof that he has returned all the evidence before him, in the absence of evidence to the contrary.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 920, 923; Dec. Dig. § 409.*]

3. EQUITY (§ 403*) — CONSENT TO REFERENCE TO MASTER NOT INFERRED FROM ABSENCE OF OBJECTION TO GENERAL ORDER.

The consent of parties to a suit in equity to a reference to a master to find the facts, which will render his finding upon conflicting evidence unassailable under the rule in Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, may not be inferred from the mere failure to object to a general order of reference made before the suit was commenced.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 879; Dec. Dig. § 403.*]

4. APPEAL AND ERROR (§ 931*)—MASTER'S FINDINGS PRESUMPTION OF CORRECTNESS.

The legal presumption is that the findings of the master upon conflicting evidence are correct, and they will not be set aside unless it appears with reasonable clearness that he has fallen into a mistake of fact or committed an error of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3762; Dec. Dig. § 931.*]

5. MORTGAGES (§ 38*) — DEED INTENDED AS MORTGAGE — SUFFICIENCY OF EVIDENCE.

The legal presumption is that a deed expresses the intention of the parties, and the evidence must be clear and convincing to sustain a decree that it was intended as a mortgage.

The evidence in this case considered, and *held* to be of this character.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 109; Dec. Dig. § 38.*]

(Syllabus by the Court.)

Appeal from the United States Court of Appeals in the Indian Territory.

For opinion below, see 104 S. W. 624.

Edgar A. De Meules (C. L. Thomas, on the brief), for appellant.
A. E. Patterson and J. H. Lilley, for appellees.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. This is a suit in equity brought by Rachel A. Edwards, an unsophisticated Indian woman, and her husband, Silas Edwards, to obtain a decree that a warranty deed which recited a consideration of $2,450, which conveyed a tract of land worth about $2,000, and which they made on September 7, 1905, to the Guarantee Gold Bond Loan & Savings Company, was in fact a mortgage for $300. The gravamen of the bill was that the savings company obtained this deed for $300 by the fraudulent representation that it was a mortgage for that amount, and that the grantor signed and delivered it in the belief that it was an instrument of that character. The savings company denied the charge, and the defendant Swanson inter-

vened and claimed the land on the ground that he had purchased it of the complainants subsequent to their deed to the savings company. The suit was referred to a master in chancery "to take evidence and report with conclusions of law and fact" under a general order made by the court before this suit was commenced to the effect that all equity cases should be so referred. The master reported that certain witnesses, whom he mentioned, were sworn and examined, that their testimony was reduced to writing "and is attached hereto and made a part of this report," that no fraud was practiced on the complainant, that the deed was valid, that its consideration was $600, that Swanson had no equitable interest in the land, and he recommended that the bill should be dismissed. The chancellor sustained exceptions to the report, and rendered a decree that the deed was intended as and was a mortgage for $300 and interest at 8 per cent. per annum, and that upon a payment of that amount the complainants should recover their land. An appeal was taken from that decree, it was affirmed by the United States Court of Appeals of the Indian Territory, and the savings company has appealed to this court from the judgment of affirmation.

The first specification of error is that the courts below erred in considering the evidence returned by the master, and in reversing his findings of fact founded thereon, because he made no certificate that he had returned all the evidence taken before him. They invoke the decision of the Supreme Court in Sheffield & Birmingham Coal, Iron & Ry. Co. v. Gordon, 151 U. S. 285, 293, 14 Sup. Ct. 343, 38 L. Ed. 164, wherein the order of reference did not require the master to send up the testimony, he did not purport to do so in his report, and, while some depositions taken before him were found in the record, there was nothing to indicate that these were all the testimony which he considered. In the case at bar the order required the master to report the testimony. He reported that certain witnesses testified before him, that their testimony was reduced to writing, and was attached to and made a part of his report. It was the duty of the master to report all the evidence. The legal presumption, in the absence of countervailing proof, is that he discharged his duty. He returned evidence which he reported was taken before him, and the presumption must be that he returned all the evidence presented to him. The true rule upon this subject is that a master's finding of facts upon evidence taken by him cannot be impeached in the absence from the record of his certificate, or other competent proof, either that the evidence presented is the entire evidence taken by him, or that it contains all the evidence which was before him relative to the specific finding or findings challenged. Wheeler v. Abilene Nat. Bk. Bldg. Co. (C. C. A.) 159 Fed. 391, 392; Sheffield, etc., R. Co. v. Gordon, 151 U. S. 285, 293, 14 Sup. Ct. 343, 38 L. Ed. 164; Greene v. Bishop, 1 Cliff. 186, Fed. Cas. No. 5,763; Donnell v. Columbia Ins. Co., Fed. Cas. No. 3,987; McCourt v. Singers-Bigger, 145 Fed. 103, 112, 76 C. C. A. 73, 82; Scotten v. Sutter, 37 Mich. 526; Nay v. Byers, 13 Ind. 412; Fellenzer v. Van Valzah, 95 Ind. 128. But the order of a court to a master to report the evidence, his report of it, and the legal presumption of his faithful discharge of his official duty constitute competent proof, in the absence of countervail-

ing evidence, that he has reported all the evidence that was taken before him. The result is that the courts below committed no error in examining the testimony reported by the master to determine whether or not his findings of fact were sustained thereby.

The next contention is that since the case was referred to the master by consent, and since his finding that the deed was not procured fraudulently and was not intended as a mortgage was founded upon conflicting evidence, it was unassailable, and the courts below erred in reversing it under the decisions in Kimberly v. Arms, 129 U. S. 512, 516, 524, 9 Sup. Ct. 355, 32 L. Ed. 764, and Davis v. Schwartz, 155 U. S. 631, 633, 637, 15 Sup. Ct. 237, 39 L. Ed. 289. But in those and similar cases where the rule here invoked prevailed the parties consented to the references to the masters, while in this case the reference was made by a general order before the suit was commenced without the knowledge or consent of any one connected with it. The fact that the parties to this suit proceeded with the prosecution of it under this general order without objection was not a request for or a consent to the order; it was nothing but a compliance with it, and the case does not fall under the rule applicable to cases of consent.

Counsel persuasively argue that the courts below erred, (1) because they failed to indulge the legal presumption that the finding of the master upon the crucial question of fact was correct, and failed to apply to that finding the rule that it should not be set aside unless it clearly appeared from the evidence that it rested upon an error of law or an important mistake of fact (Tilghman v. Proctor, 125 U. S. 136, 148, 8 Sup. Ct. 894, 31 L. Ed. 664), and (2) because the evidence was not entirely plain and convincing beyond reasonable controversy (Howland v. Blake, 97 U. S. 624, 626, 24 L. Ed. 1027) that the deed was intended as a mortgage and was fraudulently obtained. The soundness of this contention depends entirely upon the evidence in the case. Every word of that evidence has been carefully read and weighed, and the entire testimony thus considered has convinced that it is clear that the master made a mistake in his finding of fact, and that the evidence is convincing beyond reasonable controversy that the deed was procured by fraudulent misrepresentation and was intended to be a mortgage. Much of the important evidence in this case was quoted and reviewed in the opinion of the Court of Appeals of the Indian Territory (Guarantee Gold Bond Loan & Savings Company v. Edwards [Ind. T.] 104 S. W. 624), and it is unnecessary to repeat it here.

While there was a decided conflict of the testimony of the witnesses upon the bald issue whether the instrument was intended as a deed or as a mortgage, these pregnant facts were conclusively established: Rachel A. Edwards was an ignorant Indian woman who could read and write with difficulty, and who knew little or nothing of the forms of conveyances. Dr. Simms, who procured the deed from her, was an intelligent man and the cashier of the bank. She wanted $300 to pay to an attorney to locate her children upon valuable land to which they were entitled. She testified that she went to Dr. Simms and asked him to loan it to her, that he did so, and that she signed an instrument that he said was a mortgage upon her land, and that he said that upon the repayment of $300 and interest her land would be free. He testified that

she came to him and asked to borrow from him $300, that he told her it would take two or three days to perfect the loan, that she said that she must have the money upon that day, that he told her he would buy the land of her for $600, that she said she wanted only $300, that he told her she could leave the other $300 on deposit in the bank, and that thereupon he drew and she signed the deed in consideration of $600. The parties agree then that she asked a loan of $300, and that she received $300 and no more. Simms testified that $300 more remained on deposit in his bank for her, and that he gave her a deposit slip for it, but she testified that she never heard of it until the taking of the testimony in this case, and his books of account failed to support his evidence. The land was worth from $1,000 to $2,000, probably $2,-000. The consideration which Simms wrote into the deed was $2,450. Each of the parties whose names have been mentioned was corroborated by the testimony of others. But the established facts that the complainant was ignorant, and the cashier of the defendant informed; that she asked to borrow and wanted only $300 and never obtained any more; that her property was worth at least three times, and probably seven times, that amount; that Simms does not claim that he bought her land either for the $300 he actually paid her or for the $2,450 which he wrote into her deed; that he never paid her the extra $300 which he says was on deposit in the bank for her, and that his account books failed to show any credit of it to her—converge with compelling force to prove that the parties intended the instrument to be a mortgage, and that the master was mistaken in his finding upon this issue.

The decrees of the courts in the Indian Territory were amply sustained by the evidence and they must be affirmed. It is so ordered.