### In re EL SEVILLA RESTAURANT.

(District Court, S. D. Florida. June, 1918.)

1. BANKRUPTCY ⬦98, 228—REPORT OF MASTER—EXCEPTIONS.

Where exceptions to the account of a receiver in bankruptcy were referred to a master, who reported thereon, his findings as to the account stand confirmed, unless exceptions to his report are filed within 20 days, as required by equity rule 66 (198 Fed. xxxvii, 115 C. C. A. xxxvii).

2. BANKRUPTCY ⬦113—LIABILITY ON BOND GIVEN ON APPOINTMENT OF RECEIVER.

A bond given by petitioners for appointment of receiver, conditioned to pay to bankrupts all costs, expenses, and damages occasioned by the appointment in case the petition was dismissed and the receiver discharged, does not cover claims of the receiver for expenses incurred.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ⊂⊃99—DISMISSAL OF PETITION—DISCHARGE OF RECEIVER—LIABILITY OF PETITIONING CREDITORS.

The court has no jurisdiction, upon making of receiver's report after dismissal of petition for involuntary bankruptcy and discharge of receiver, to order payment of the amount found to be due by the report from the petitioning creditors to the receiver for expenses incurred by him, but the question is open to litigation between the parties upon proper proceedings.

In Bankruptcy. In the matter of Celestino Fernandez and Manuel Fernandez, doing business as the El Sevilla Restaurant and the El Moderno Restaurant, alleged bankrupts. On motion to open decree fixing liability of petitioning creditors and sureties. Motion granted, and decree modified.

M. Caraballo, of Tampa, Fla., for receiver.

J. T. Watson, Jr., of Tampa, Fla., for objecting creditors.

CALL, District Judge. This case comes on to be further heard upon a petition for a rehearing upon the decree entered herein on February 28, 1918. The facts as they appear from the record may be stated as follows:

A petition in bankruptcy was filed against Celestino Fernandez and Manuel Fernandez, doing business as El Sevilla Restaurant and El Moderno Restaurant. In this proceeding an application for the appointment of a receiver was made and granted, and a bond for $1,000 with sureties given. The condition of the bond was that the petitioners should pay to Celestino Fernandez and Manuel Fernandez all costs, expenses, and damages occasioned by the appointment of such receiver in case the petition in bankruptcy should be dismissed. Under the order of appointment the restaurants were operated at a loss. Subsequently upon a hearing by the court the petition was dismissed and the receiver discharged. Upon the coming in of the receiver's report exceptions were filed to certain portions, and subsequently an additional and supplementary report was filed. Whereupon an order was made referring the matter to a master to take testimony on said exceptions and such other testimony as may be offered, to state and clarify the account of the receiver, with power to report his findings to the court on the receiver's account, together with the evidence. Hearings were had before the master, and testimony taken; the parties in interest having notice and participating in the same.

[1] The master made his report to the court on November 7, 1917, with the evidence taken before him, sustaining certain exceptions, which had been cured by the supplementary receiver's report, and disallowing certain items claimed to have been paid by the receiver, but not stating the account of amounts still due and incurred by the receiver in the operation of the business. Whereupon on the motion of the receiver it was re-referred to the master on November 14, to state the account as required in the first order of reference; and pursuant to this last order the master on December 24, 1917, filed his report, showing the amount of $987.54 due by the petitioning creditors incurred in the operation of the restaurants by the receiver. This report remained without exception until February 28, 1918, when, after notice to the

attorney of the petitioning creditors, the court passed the decree sought to be reheard by petitioners.

This decree, after reciting the filing of the reports and the fact that no exceptions had been filed thereto, decreed a confirmation of said reports, and sustained the first and sixth exceptions, and, while overruling the fourth exception, reduced the amount of the item excepted to. The decree then proceeds to order the payment of the amount found to be due by the last report by the petitioning creditors to the receiver. The decree also proceeds to fix the liability of the sureties on the bond theretofore filed by the petitioners on the appointment of the receiver at said amount so found by said master.

The prayer of the petition for a rehearing is that the petitioners may have a rehearing upon the exceptions filed to the receiver's report. The matter of the exceptions to the receiver's report, which exceptions all went to particular items (except the general exception that the report was not sworn to), objecting that the receiver should have credit for same on his account. The master had all the parties in interest before him, took testimony, and made his report allowing some of the items objected to in whole or in part and disallowing others. His last report was on file from December 24 up to February 28 following, without exception being filed. Under rule 66 of the Equity Rules (198 Fed. xxxvii, 115 C. C. A. xxxvii) the report stood confirmed in the absence of exceptions filed within 20 days from its filing. Therefore so far as the allowance of the items in the receiver's report, and the allowance or disallowance of the exceptions filed by the petitioners, further consideration is precluded by the failure of the petitioners to file exceptions within the 20 days as required by rule 66.

[2, 3] On presentation of the petition for a rehearing the main contention was that the petitioning creditors were not liable for the expenses of the receivership, and the decree sought to fasten the amount upon such petitioning creditors, and further undertook to fix the liability of the sureties on the bond of the petitioners given upon the appointment of the receiver. As before pointed out, the condition of the bond was to pay the bankrupts their costs and damages. This was not a claim for costs and damages by the bankrupts, so clearly that portion of the decree of February 28, 1918, should not have been entered. Nor do I think was the question of the liability of the petitioning creditors for the expenses of the receivership presented in such manner as authorized the court to adjudicate their liability for the same. This question, it seems to me, is open to litigation between the parties upon proper proceedings.

The petitioning creditors came in and litigated the receiver's accounts, and to that end and no further are they bound by the proceedings had thereon, and therefore the petition to open up the decree of February 28, 1918, will be granted, but the petition for a rehearing on the exceptions will be denied.

An order to this effect, and modifying the decree of February 28, 1918, in the respects pointed out above, will be entered.