## ROOSEVELT et al. v. MISSOURI STATE LIFE INS. CO. et al.
### No. 9732.

Circuit Court of Appeals, Eighth Circuit.
April 30, 1934.

---

[1] In re Rerat (D. C.) 14 F.(2d) 607; Schlesinger v. Phillips (C. C. A.) 36 F. (2d) 191; In re Nathanson (D. C.) 152 F. 585; In re Brecher (C. C. A.) 4 F.(2d) 1001.

C. E. Daggett, of Marianna, Ark., and Walter Chandler, of Memphis, Tenn. (Daggett & Daggett, of Marianna, Ark., Chandler, Shepherd, Owen & Heiskell, of Memphis, Tenn., J. B. Daggett, of Marianna, Ark., and J. H. Shepherd, of Memphis, Tenn., on the brief), for appellants.

G. B. Rose, of Little Rock, Ark. (Allen, May and Warren Rogers, both of St. Louis, Mo., and R. B. McCulloch, of Marianna, Ark., on the brief), for appellees.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

SANBORN, Circuit Judge.

The Missouri State Life Insurance Company and Burk Mann, as trustee, who are the appellees, brought this suit in equity to foreclose a deed of trust upon farm lands in the state of Arkansas, given to secure the payment of a note for $240,000 to the insurance company. Among the defendants were the appellants, namely, Arthur F. Douglas, the record owner of the lands, George E. Roosevelt, Lyle T. Alverson, R. A. Bigger, E. P. Curtis, and W. B. Robb, the members of a committee for the protection of the holders of bonds sold through G. L. Miller & Co., Inc., which was in bankruptcy in the Southern district of New York. The members of the committee were joined as defendants because they were the holders of a junior incumbrance upon the lands in suit. The appellants answered and filed a cross-complaint charging the insurance company with fraud in connection with the negotiations resulting in the transfer of the real estate involved in the foreclosure suit, and praying for damages. By consent of the parties the case was referred to a special master, who was directed to take the testimony and to report findings of fact and conclusions of law. The master found that the insurance company had perpetrated a fraud upon the committee to their damage in the sum of $210,000, and concluded that the committee were entitled to recover that amount from the insurance company, and that the title to the lands should be vested in the insurance company. The master's report

was filed on June 15, 1932. The appellees filed exceptions to the report within 20 days, and thereafter amended their answer to the cross-complaint and added additional exceptions to the master's report over the objection of the appellants and by leave of court.

The record is not clear as to when the hearing upon the exceptions to the report of the master was had, but it was either on September 26, 1932, November 14, 1932, or some time between those dates. The trial court held that the master's report was advisory only, and sustained all of the exceptions to it, and filed findings of fact, conclusions of law, and a decree in favor of the appellees dismissing the cross-complaint of the appellants for want of equity, and ordering foreclosure of the trust deed upon the lands in question. Thereafter a further decree requiring the appellants to pay all costs, including the fees of the special master, was entered. It is from these decrees that this appeal is taken.

The right of the appellees to foreclose is not involved in this appeal. The broad question is the right of the appellants, upon the evidence, to recover for the fraud asserted in their cross-complaint.

The first question we are required to consider is that raised by the appellants' contention that the court below could not impeach the findings of the special master, because it did not have before it a transcript of the testimony authenticated by the master or shown by other competent evidence to contain all of the evidence and admissions upon which the master had based his findings and conclusion.

The order appointing the master, so far as material, reads as follows:

"On this day [March 10, 1930], by consent of the parties hereto, E. C. Hornor, of Helena, Arkansas, is hereby appointed Special Master herein, and is directed to attend the taking of proof herein. * * *

"The Master shall, after the taking of the testimony is completed, report to the court his findings of fact and conclusions of law.

"The cause may be heard at Little Rock at such time as the parties may agree after the report of the Master is filed."

In his report the master says nothing about sending up the testimony, and there is no evidence in the record before us to show that he did send it up. The findings of the court recite that the cause was submitted "on the pleadings, the report of the Special Master, E. C. Hornor, the original exceptions thereto, numbered 1 to 30, inclusive, and the additional exceptions thereto numbered 31 to 36, inclusive, testimony and exhibits, and stipulations of counsel heretofore filed herein prior to the submission of the cause." The "Abstract of Testimony," which is made a part of the record and is indorsed "Filed March 27, 1933," is not authenticated by the master, but contains the approval of the court below in the following words: "The accompanying abstract of the evidence in this cause is approved this 27th day of March, 1933, as a true, complete and properly prepared statement of the evidence considered by this Court on the trial of the foregoing cause therein and may be filed in the Clerk's office and become a part of the record." This abstract recites in the concluding paragraph: "The testimony of all witnesses in the cause was taken in the presence of E. C. Hornor, Special Master, in the Cities of St. Louis, Missouri, New York, New York, or Memphis, Tennessee."

The appellants do not say that the abstract does not contain all of the evidence taken before the special master, but they do say that there is nothing in the record to show that the court below had before it the entire record upon which the master based his findings of fact and his conclusion of law. The appellees, with reference to this question, say:

"The Master filed with the court the depositions which he had taken. He is an honorable gentleman, and there is not the slightest doubt that he filed all those depositions. When the court read them and was ready to decide the case, if the depositions filed were not all the testimony taken, counsel for the appellants would certainly have called the matter to the attention of the court, and the court would have required the filing of any other testimony. There can, therefore, be no doubt that the court below decided the case upon all the evidence in the suit before it, and that to set aside his finding and send it back for a rehearing would be a mere waste of time. The first thing the court would do would be to require the Master to attach to his report the statement that the evidence deposited by him with the clerk constituted all the evidence which he had considered, and the court would again enter the same decree, and this court would be annoyed with two appeals, when one is sufficient."

While we are advised that the abstract of the testimony which is before us contains everything which was before the lower court and formed the basis of its findings and decree, we are not informed by the record that all of the evidence which was before the mas-

ter was before the lower court or is before us.

In Sheffield & Birmingham Coal, Iron & Railway Co. v. Gordon, 151 U. S. 285, 14 S. Ct. 343, 38 L. Ed. 164, there had been a reference to a master to take proofs and to make report. He was not required to report the testimony. Exceptions to some of his findings were filed on the ground that they were not sustained by the evidence. The court confirmed the report. The Supreme Court, after pointing out that the exceptions taken were too general, said (page 293 of 151 U. S., 14 S. Ct. 343, 345, 38 L. Ed. 164):

"There is another objection, however, to our examination of the facts in this case. The order referring the case to the special master, though minute in its details, did not require him to send up the testimony; neither does he purport to do this in his report; and, while a number of depositions taken before him are filed, there is nothing to indicate that these were all the testimony in the case.
* * *

"In the absence of any certificate that the entire evidence taken by the master was sent up with his report, it is impossible to impeach his conclusion in this particular. Scotten v. Sutter, 37 Mich. 526; Nay v. Byers, 13 Ind. 412; Fellenzer v. Van Valzah, 95 Ind. 128. There is no presumption that all the testimony was sent up."

In McCourt et al. v. Singers-Bigger (C. C. A. 8) 145 F. 103, 7 Ann. Cas. 287, there had been a reference, and exceptions to the master's report had been filed. Some of the exceptions involved consideration of the evidence by the court. The order of reference did not require the master to report the evidence, and no report of that kind was made. There was a certificate by the master that he had filed a transcript of the evidence produced in the proceedings, but he did not say that he returned any evidence taken before him, and it appeared that some evidence had not been returned. The lower court confirmed the report. This court said (page 113 of 145 F.):

"The case before us falls fairly within the principles announced in the last-mentioned one, and we are constrained to hold that for want of any showing that we have before us the evidence which was before the master, and especially in the light of the affirmative showing that we have not before us all the evidence which was before him, it is impossible to review any of the findings made by him which from their nature may be affected one way or the other by evidence.

Certain of his conclusions raise questions of law only, and these will now be considered."

In Wheeler v. Abilene Nat. Bank Bldg. Co. (C. C. A. 8) 159 F. 391, 16 L. R. A. (N. S.) 892, 14 Ann. Cas. 917, which was a case in which there had been a reference, and exceptions to the report of the special master had been overruled and his report confirmed, this court said (page 392 of 159 F.):

"A portion of the testimony taken before the master appears to be printed in the transcript of the record before us, but no order of the court below that the master should return into court the evidence he obtained, and no certificate of the master that he has done so, or that the record contains that evidence, or a correct transcript of it, can be found. For this reason, and because the facts essential to a determination of the case appear on the face of the master's finding, the exceptions to his report and the evidence printed will not be farther noticed. A master's finding of facts upon evidence taken by him cannot be impeached, in the absence from the record of his certificate, or other competent proof, either that the evidence presented is the entire evidence taken by him, or that it contains all the evidence which was before him relative to the specific finding or findings challenged. Sheffield, etc., Ry. Co. v. Gordon, 151 U. S. 285, 293, 14 S. Ct. 343, 38 L. Ed. 164; Greene v. Bishop, 1 Cliff. 186, Fed. Cas. No. 5,763; Donnell v. Columbian Ins. Co., Fed. Cas. No. 3,987; McCourt v. Singers-Bigger, 145 F. 103, 112, 76 C. C. A. 73, 82 [7 Ann. Cas. 287]; Scotten v. Sutter, 37 Mich. 526; Nay v. Byers, 13 Ind. 412; Fellenzer v. Van Valzah, 95 Ind. 128."

In Guarantee Gold Bond Loan & Savings Co. v. Edwards (C. C. A. 8) 164 F. 809, 811, this court said, with reference to the same question:

"The true rule upon this subject is that a master's finding of facts upon evidence taken by him cannot be impeached in the absence from the record of his certificate, or other competent proof, either that the evidence presented is the entire evidence taken by him, or that it contains all the evidence which was before him relative to the specific finding or findings challenged."

This court then held that the order of a court to a master to report the evidence, his report of it, and the legal presumption of the faithful discharge of his official duty constitute competent proof, in the absence of countervailing evidence, that he has reported all the evidence taken before him.

In Goldsmith Silver Co. v. Savage (C. C.

A. 1) 229 F. 623, the court dealt with a case which had been referred to a special master under an order which did not require him to report the evidence. His report had been confirmed by the lower court. The court said (page 626 of 229 F.):

"The report of the master was filed February 3, 1914, and the opinion of the District Court dismissing the bill was filed March 16, 1914. On March 15, 1915, the depositions of certain witnesses, whose testimony purports to have been taken in the case, were filed in the District Court. The record contains no stipulation that these depositions embrace all the evidence presented before the master, and the order of the court sending the case to the master contained no direction to him to report the evidence. Under these circumstances the evidence contained in the depositions cannot properly be considered by us for the purpose of determining whether the findings of fact by the master are correct or otherwise. 'The true rule upon this subject is that the master's finding of facts upon the evidence taken by him cannot be impeached, in the absence from the record of the certificate, or other competent proof, either that the evidence presented is the entire evidence taken by him, or that it contains all the evidence which was before him relative to the specific finding or findings challenged.' While it would be presumed, in the absence of countervailing proof, in case the order to the master had contained a direction to report the evidence, and on filing his report he had accompanied it therewith, that he had faithfully discharged his duty and returned all the evidence, no such presumption can be indulged in this case, for the order to the master contained no such direction, and the record does not disclose that the evidence was returned by the master. Guarantee Gold Bond Loan & Savings Co. v. Edwards et al., 164 F. 809, 811, 90 C. C. A. 585, and cases there cited."

In Re Silverstein (C. C. A. 9) 35 F.(2d) 497, 499, it was said, with reference to this same subject:

"Although we have thus sufficiently disposed of the points raised by appellant, we would also call attention to the fact that the statement on appeal settled by the trial judge and contained in the record not only does not affirmatively show that it contains all the evidence, which failure alone would require an affirmance of the order (Sheffield, etc., Ry. Co. v. Gordon, 151 U. S. 285, 14 S. Ct. 343, 38 L. Ed. 164), but also it affirmatively shows that there was a mass of evidence before the special master which is not contained in the statement on appeal."

In Sexton v. American Trust Co. (C. C. A. 8) 45 F.(2d) 372, 374, 76 A. L. R. 781, this court said:

"Whether the evidence supported the master's findings is not before us. The trial court held that appellant had waived objections to the master's findings of fact by failing to request that the evidence be certified to the court for review. This was of course true. We are not in position therefore to review or pass on any question of evidence. The master's findings on the facts must be accepted as unimpeachable. Sheffield & Birmingham Coal, Iron & Ry. Co. v. Gordon, 151 U. S. 285, 14 S. Ct. 343, 38 L. Ed. 164."

In Bourne v. Perkins (C. C. A. 8) 42 F. (2d) 94, 97, it was held that it was not necessary that an order of reference should require that all the evidence be sent up.

While we have no reason to doubt the statement of counsel for the appellees that the record contains all of the evidence considered by the master, it is obvious that we cannot disregard the rule which has been established by the cases which we have cited. If the findings of fact of the master were unimpeachable upon the record presented to the court below, then that court was without power to sustain the exceptions to the master's findings of fact, to make findings of fact of its own to the contrary, or to dismiss the appellants' cross-complaint. If the appellees must be deemed to have waived their exceptions to the master's findings of fact, the decree of the court below should be reversed and that court should be directed to enter a decree for the appellants.

While it is true that in none of the cases which we have found has the appellate court remanded the case for the purpose of permitting the correction of the record so as to show that the court below had before it all of the evidence which was before the master, we are satisfied that this court is not without power, in a proper case, to afford an opportunity for the correction of a mistake of the character which was made in this case, where that would be in furtherance of justice. Here the court did not confirm the master's findings, but determined that he had committed error, and sustained the exceptions to his report, upon what the court either knew or supposed was a complete transcript of the evidence. If the evidence in the record upon which the court made its findings and upon which the appellees rely conclusively showed that such findings could not be sustained, we

would be justified in ordering a decree for the appellants; but we are not prepared to say that it does conclusively appear from this evidence that the court's findings and conclusions were erroneous, and we think that the appellees should have an opportunity to secure a full review of the master's findings upon the merits and should not be foreclosed by an inadvertent failure to produce proof of the completeness of the transcript of the evidence presented to the court below and to this court. An appeal in an equity suit differs from that in an action at law [Johnson v. Umsted (C. C. A. 8) 64 F.(2d) 316, 318], and this court acts as something more than a mere court of error with respect thereto.

An appellate court has the power, without determining and disposing of such a case as this, to remand it to the trial court for further proceedings if the record is not in condition to enable it to decide the questions presented with justice to all parties concerned. Finefrock v. Kenova Mine Car Co. (C. C. A. 4) 22 F.(2d) 627, 634; Underwood v. Commissioner of Int. Revenue (C. C. A. 4) 56 F.(2d) 67, 73; Wyant v. Caldwell (C. C. A. 4) 67 F.(2d) 374. Compare Boatmen's Bank v. Trower Bros. Co. (C. C. A. 8) 181 F. 804.

We have reached the conclusion that, in the interests of justice, this case should be remanded to the lower court to afford the appellees an opportunity to procure a record which will be sufficient to enable that court to pass upon their exceptions to the master's report and which will be adequate in case of another appeal.

In view of the fact that there will have to be a rehearing on the exceptions to the master's report, it seems desirable to refer to two other questions which have been raised.

The Supreme Court of the United States, by an order of May 31, 1932, added rule 61½ to the Equity Rules (28 USCA § 723). This rule reads as follows (286 U. S. 571):

"In all references to a master, either compulsorily by the court in cases where it has the power to make compulsory reference, or by consent of parties where consent is necessary, whether the reference be of all issues of law and fact, or only particular issues either of law or fact or both, the report of the master shall be treated as presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed: Provided, That when a case or any issue is referred by consent and the intention is plainly expressed in the consent order that the submission is to the master as an arbitrator, the court may review the same only in accordance with the principles governing a review of an award and decision by an arbitrator."

The hearing on the exceptions to the report of the special master was had after May 31, 1932, when this rule went into effect.[1] The appellants contend that the rule could not affect this reference because the order referring the case to the master had been made prior to that time.

Before the effective date of rule 61½, in a consent reference, the findings of fact of the master—like the special verdict of a jury or the findings of fact of a trial judge in a jury-waived case—were not to be set aside unless there was no substantial evidence to sustain them (Kimberly v. Arms, 129 U. S. 512, 524, 9 S. Ct. 355, 32 L. Ed. 764; Davis v. Schwartz, 155 U. S. 631, 636, 15 S. Ct. 237, 39 L. Ed. 289; Goldsmith Silver Co. v. Savage [C. C. A. 1] 229 F. 623, 628; Boatmen's Bank v. Trower Bros. Co. [C. C. A. 8] supra, 181 F. 804, 809), while in a compulsory reference the findings of the master were prima facie correct and the report was largely advisory to the chancellor, although it was said in Kimberly v. Arms, supra, 129 U. S. 512, 524, 9 S. Ct. 355, 32 L. Ed. 764, that the practice was to accept the report unless definite exceptions pointed out plain error (Sandford v. Embry [C. C. A.] 151 F. 977, 983). The conclusions of the master were to receive every reasonable presumption in their favor, and were not to be set aside or modified unless there clearly appeared to have been error or mistake on his part. Tilghman v. Proctor, 125 U. S. 136, 149, 150, 8 S. Ct. 894, 31 L. Ed. 664; Callaghan v. Myers, 128 U. S. 617, 666–667, 9 S. Ct. 177, 32 L. Ed. 547; Camden v. Stuart, 144 U. S. 104, 118, 119, 12 S. Ct. 585, 36 L. Ed. 363; McCourt et al. v. Singers-Bigger (C. C. A. 8) supra, 145 F. 103, 112; Guarantee Gold Bond Loan & Savings Co. v. Edwards (C. C. A. 8) 164 F. 809.

It is perhaps safe to say that in a consent reference the findings of fact of the master would be set aside or modified only if un-

---

[1] The order of the Supreme Court referred to on page 569 of 268 U. S. making amendments to court rules effective on September 1, 1932, does not apply to Equity Rule 61½.

supported by substantial evidence, while in a compulsory reference they might be set aside if shown to be clearly against the weight of the evidence. In any event, this distinction between consent and compulsory references was abolished by rule 61½, and thereafter the report of a master, unless the consent order of reference showed a plain intention that the submission was to the master as an arbitrator, was to be treated as presumptively correct and to be modified or rejected in whole or in part only when the court, in the exercise of its judgment, was fully satisfied that error had been committed. See Southwestern Bell Telephone Co. v. City of San Antonio, Tex., et al. (D. C.) 4 F. Supp. 570, 573.

We think the appellants acquired no vested right in any rule of law relating to the effect of the findings of the master. The Supreme Court was at liberty to make the change which it did. There is nothing in the language of rule 61½ which indicates that the Supreme Court intended to except from its operation pending references, and, if anything is to be added to the rule by construction, it will have to be done by that court.

The appellants argue that the action of the court below in allowing the appellees to amend their answer to the cross-complaint at the time of the hearing, by setting up estoppel, waiver, ratification, and laches, and at the same time permitting the filing of further exceptions to the report of the master, was without justification. It was within the discretion of the court to permit the appellees to amend at any time for the purpose of conforming their pleadings to the proof [Schulenberg v. Norton (C. C. A. 8) 49 F. (2d) 578, 579], and it is the appellees' contention that, under the evidence, these defenses to the appellants' cross-complaint were available to them. We think that the court below did not abuse its discretion in this particular.

Rule 66 of the Equity Rules (226 U. S. 668 [28 USCA § 723]) requires that exceptions to a master's report shall be filed within 20 days from the time of the filing of the report, and that, if no exceptions are filed within that period, the report shall stand confirmed. The language is plain and understandable. If exceptions are not filed in accordance with the rule, the report is not excepted to [Decker v. Smith (D. C.) 225 F. 776, 777; In re El Sevilla Restaurant (D.

C.) 253 F. 410, 412; General Fire Extinguisher Co. v. Equitable Trust Co. (C. C. A. 6) 17 F.(2d) 968; American Surety Co. of N. Y. v. James A. Dick Co. (C. C. A. 8) 23 F.(2d) 464, 466, 467]; and it would necessarily follow that so much of the master's report as was unexcepted to after the expiration of 20 days would be unaffected by subsequent exceptions. No doubt, exceptions duly filed within the rule may be amended as to form so as to more clearly point out the grounds of exception (see Jones v. Lamar [C. C.] 39 F. 585, 587; Lincoln v. Virginia Portland Cement Co., 49 App. D. C. 33, 258 F. 505, 507); but to permit additional exceptions to be filed after the 20-day period has expired is to our minds a clear violation of the rule. The Equity Rules have the force and effect of law, and neither the District Court nor this court has power to adopt a practice inconsistent with them or to disregard their provisions. Northwestern Mutual Life Ins. Co. v. Keith (C. C. A. 8) 77 F. 374, 375. Any alterations in these rules which are necessary or desirable should be made by the Supreme Court, and their effectiveness ought not to be whittled away by other tribunals. The court below should not have permitted the filing of additional exceptions after the expiration of the 20-day period, and, upon a rehearing, the additional exceptions must be stricken or disregarded.

The appellees assert that, under the evidence in this case, taking that view of it most favorable to the appellants, they have failed to establish any right to recover damages for fraud against the insurance company, and that the appellees are entitled to findings of fact, conclusions of law, and a decree in their favor upon all the issues raised by the cross-complaint and the answer thereto. If the appellees, at the rehearing upon their exceptions to the master's report, establish by competent evidence that there is before the court below all of the evidence, admissions, and stipulations that were before the master, that court can then determine that question, and, if there shall be an appeal, this court can, upon a proper record, put an end to this controversy upon the merits.

The decrees and the findings and conclusions of the lower court upon which they are based are vacated and set aside in so far as they affect the issues raised by the cross-complaint of the appellants and the appellees' answer thereto, and the case is remanded, with directions for further proceedings not inconsistent with this opinion.